IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

**SARAH ROBERTS, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 6:21-cv-3178

**LILLY-JO, LLC, and BILLY YUZAR**     **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Sarah Roberts ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Courtney Harness of Sanford Law Firm, PC, and for her Original Complaint—Collective Action against Defendants Lilly-Jo, LLC, and Billy Yuzar (collectively "Defendants" or "Defendant"), she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the wage laws of the Missouri Revised Statutes, § 290.101, *et seq.* ("R.S.Mo."), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated minimum wages as required by the FLSA and the R.S.Mo.

Page 1 of 10
Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.
U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178
Original Complaint—Collective Action

Case 6:21-cv-03178-SRB     Document 1     Filed 07/15/21     Page 1 of 10

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Missouri has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the R.S.Mo. form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Missouri, operating a restaurant in West Plains.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Missouri has personal jurisdiction over Defendants, and Defendants therefore "reside" in Missouri.

7. Plaintiff was employed by Defendants at their restaurant located in West Plains. Therefore, the acts alleged in this Complaint had their principal effect within the Southern Division of the Western District of Missouri, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is an individual and resident of Howell County.

Page 2 of 10
Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.
U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178
Original Complaint—Collective Action
Case 6:21-cv-03178-SRB    Document 1    Filed 07/15/21    Page 2 of 10

9. Separate Defendant Lilly-Jo, LLC ("Lilly-Jo"), is a Missouri limited liability company.

10. Lilly-Jo's registered agent for service of process is Billy Yuzar, at 1621 Porter Wagoner Boulevard, West Plains, Missouri 65775.

11. Separate Defendant Billy Yuzar ("Yuzar") is an individual and resident of Missouri.

12. Defendants do business as Kiko Japanese Steakhouse and Sushi Lounge.

13. Defendants, in the course of their business, maintain a Facebook page at https://m.facebook.com/kikohibachiwestplains/.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Defendants own and operate Kiko Japanese Steakhouse and Sushi Lounge ("Kiko Steakhouse") in West Plains.

16. Yuzar is a principal, director, officer, and/or owner of Kiko Steakhouse.

17. Yuzar, in his role as an operating employer of Kiko Steakhouse, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

18. Yuzar took an active role in operating Kiko Steakhouse and in the management thereof.

Page 3 of 10
Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.
U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178
Original Complaint—Collective Action
Case 6:21-cv-03178-SRB    Document 1    Filed 07/15/21    Page 3 of 10

19. Yuzar, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

20. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as cooking utensils and equipment, office supplies, and food and beverage products.

21. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22. Defendants are an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

23. At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

24. Plaintiff was employed by Defendants within the three years preceding the filing of this lawsuit.

25. Specifically, Plaintiff worked for Defendants as an hourly-paid sushi chef from October of 2020 until June of 2021.

26. Plaintiff regularly earned tips from Defendants' customers as part of her compensation.

Page 4 of 10
Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.
U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178
Original Complaint—Collective Action
Case 6:21-cv-03178-SRB    Document 1    Filed 07/15/21    Page 4 of 10

27. Defendants also employed other tipped employees during the three years preceding the filing of this lawsuit.

28. Defendants regularly withheld Plaintiff's tips.

29. Upon information and belief, Defendants also regularly withheld the tips of other tipped employees.

30. 20 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

31. Defendant terminated Plaintiff's employment on June 15, 2021.

32. Defendant has not paid Plaintiff the wages due to her.

33. Plaintiff notified Defendant in writing on June 17 and 18 that Defendant owed her wages. Specifically, Plaintiff sent Defendant texts which said, "Where are my tips which I am legally entitled to?" and "I am legally entitled to my tips, yet I have never received one cent."

26. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other tipped employees violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

32. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

33. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided by the FLSA.

34. Plaintiff brings her claims for violation of the FLSA as a collective action pursuant to Sections 207 and 16(b) of the FLSA, 29 U.S.C §§ 207 and 216(b), on behalf

Page 5 of 10
Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.
U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178
Original Complaint—Collective Action

Case 6:21-cv-03178-SRB    Document 1    Filed 07/15/21    Page 5 of 10

of all persons who were, are, or will be employed as similarly situated within the statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Earned tips;

    B.    Liquidated damages; and

    C.    Attorney's fees.

35. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

36. The relevant time period dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

37. The members of the proposed FLSA collective are similarly situated in that they share the following traits:

    A.    They were paid hourly;

    B.    They regularly earned tips; and

    C.    They did not receive all the tips they earned.

38. Because these employees are similarly situated to Plaintiff, and are owed unpaid wages for the same reasons, the proposed collective is properly defined as follows:

**All tipped employees within the past three years.**

39. Plaintiff is unable to state the exact number of the potential members of the proposed collective but believes that the collective exceeds twenty individuals.

Page 6 of 10
Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.
U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178
Original Complaint—Collective Action
Case 6:21-cv-03178-SRB    Document 1    Filed 07/15/21    Page 6 of 10

40. Defendants can readily identify the members of the Section 16(b) collective, which encompasses all tipped employees at its restaurants in the last three years.

41. The names, cell phone numbers, email addresses, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text and first class mail (or email) to their last known addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

41. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45. Under FLSA regulations, tips are the property of the employee, whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

46. Despite the entitlement of Plaintiff to her earned tips under the FLSA, Defendants failed to pay Plaintiff all the tips that she earned.

47. Defendants' failure to pay Plaintiffs all wages or tips owed was willful.

Page 7 of 10
Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.
U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178
Original Complaint—Collective Action
Case 6:21-cv-03178-SRB    Document 1    Filed 07/15/21    Page 7 of 10

48. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

49. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

51. At all relevant times, Plaintiff and similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

52. At all relevant times, Plaintiff and similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

53. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and others similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

54. Under FLSA regulations, tips are the property of the employee, whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

55. Despite the entitlement of Plaintiff and others similarly situated to all tips they earned, Defendants failed to pay them all the tips they earned.

56. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and

**Page 8 of 10**
**Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.**
**U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178**
**Original Complaint—Collective Action**
Case 6:21-cv-03178-SRB   Document 1   Filed 07/15/21   Page 8 of 10

costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the R.S.Mo.)

57. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiff asserts this claim for damages and declaratory relief pursuant to the R.S.Mo. § 290.101, *et seq.*

59. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the R.S.Mo. § 290.500(4).

60. R.S.Mo. § 290.110 requires employers to pay any discharged employee the unpaid wages due on the day of the discharge. If not paid, the employee may request her unpaid wages in writing, after which the employer has 7 days to provide the employee with the wages due. If still not paid, then as a penalty, the employee's wages shall continue from the date of discharge at the same rate paid for 60 days or until paid, whichever is sooner.

61. Plaintiff notified Yuzar in writing on June 17 and 18 that he owed her wages, specifically unpaid tips.

62. Defendants therefore owe Plaintiff wages from the date of discharge to the present, and continuing for as long as Defendant fails to pay Plaintiff her wages or until 60 days from the date of discharge have passed, whichever is sooner.

63. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for all wages due plus wages from the date of her discharge until the dates specified above.

Page 9 of 10
Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.
U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178
Original Complaint—Collective Action

Case 6:21-cv-03178-SRB     Document 1     Filed 07/15/21     Page 9 of 10

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sarah Roberts, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective members;

C. For an order of this Honorable Court entering judgment in favor of Plaintiff and the proposed collective members against Defendants for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA and its related regulations;

E. For continuing wages from the date of discharge until Plaintiff is paid or until 60 days from the date of discharge, whichever is soonest;

F. For attorneys' fees, costs, and pre-judgment interest; and

G. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SARAH ROBERTS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Harness*
Courtney Harness
Mo. Bar No. 56923
harness@sanfordlawfirm.com

Page 10 of 10
Sarah Roberts, et al. v. Lilly-Jo, LLC, et al.
U.S.D.C. (W.D. Mo.) Case No. 6:21-cv-3178
Original Complaint—Collective Action

Case 6:21-cv-03178-SRB    Document 1    Filed 07/15/21    Page 10 of 10